**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

XING YE,                                                                    Case No.: 18 civ. 04941 (LAP)
*on his own behalf and on behalf of others*
*similarly situated,*

                              Plaintiff,

        -against-

2953 BROADWAY INC. d/b/a Vine Sushi, and
CHO KAM SZE a/k/a Tommy Sze,

                              Defendants.
----------------------------------------------------------x

====================================================

### DEFENDANTS' MEMORANDUM OF LAW
### IN OPPOSITION TO CONDITIONAL CERTIFICATION

====================================================

LAW OFFICES OF BING LI, LLC
1430 Broadway, Suite 1802
New York, NY 10018-3354
(212) 967-7690

Attorneys for Defendants
*2953 Broadway Inc. and*
*Cho Kam Sze*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................. iii

PRELIMINARY STATEMENT ..................................................... 1

ARGUMENT ............................................................................... 2

    POINT I    The Court Should Deny Plaintiff's Motion For Failure
To Show That He Is "Similarly Situated" To Other Former
Employees Of His Proposed Collective Class. ........................... 2

        A.    Legal Standard .................................................... 2

        B.    Plaintiff's Allegations of a Common Policy
of Defendants .................................................... 3

        C.    Plaintiff Fails to Establish A Common Policy of
Defendants or A Factual Nexus Between Plaintiffs
and the Putative Class Members. ...................................... 6

    POINT II    The Court Should Deny Plaintiff's Request For Categorical
Equitable Tolling Of The Statute Of Limitations. ....................... 8

    POINT III    The Court Should Not Approve The Proposed Order To The
Extent It Is Unfair. ....................................................... 10

CONCLUSION ............................................................................. 15

<u>**TABLE OF AUTHORITIES**</u>

<u>**CASES**</u>

*Cruz v. 70-30 Austin St. Bakery Inc.*
No. 18 Civ. 7408 (PAE)(HBP), 2019 WL 1929910 (S.D.N.Y. May 1, 2019) ................  7

*Fu v. Mee May Corp.*
No. 15 Civ. 4549 (KPF), 2016 WL 1588132 (S.D.N.Y. Apr. 20, 2016) .........................  7

*Lijun Geng v. Shu Han Ju Rest. II Corp.*
No. 18CV12220 (PAE)(RWL), 2019 WL 4493429 (S.D.N.Y. Sept. 9, 2019) ………....  9

*Mark v. Gawker Media LLC*
No. 13-CV-4347 (AJN), 2014 WL 5557489,  (S.D.N.Y. Nov. 3, 2014) (Nathan, J.) ......  9

*Myers v. Hertz Corp.*
624 F.3d 537 (2d Cir. 2010) ...........................................................................  2

*Reyes v. Nidaja, LLC*
No. 14 Civ. 9812, 2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) (Sweet, J.) ……....  3, 6, 8

*Romero v. H.B. Auto. Grp., Inc.*
No. 11 Civ. 386 (CM), 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ..............................  3

<u>**STATUTES**</u>

29 U.S.C. § 216(b) .............................................................................................  1,2

New York Labor Law  ......................................................................................  1

## PRELIMINARY STATEMENT

Defendants 2953 BROADWAY INC. d/b/a Vine Sushi ("2953 Broadway") and CHO KAM SZE a/k/a Tommy Sze ("Sze") (collectively "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff's motion for conditional collective certification pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and attendant relief relating to court approved notice and disclosure of contact information of potential opt-ins.

Plaintiff filed this action on June 5, 2018. Defendants filed their answer on July 13, 2018. On October 26, 2018, Plaintiff moved for conditional certification, which the Court did not decide due to a settlement reached by the parties in March 2019 (Doc. No. 42, joint fairness letter; Doc. No. 42-1, Settlement Agreement).

Thereafter, on May 21, 2019, while the Court's approval of the settlement was pending, Plaintiff filed five (4) Consents to Become Party Plaintiff (Doc. Nos. 43-46, 48), signed by (1) Hongyi Lin, (2) Liangyan Chen, (3) Maohui Lin, (4) Yongzhong Wang, and (5) Jiawang Lin. These five opt-ins, like the lead Plaintiff, all worked as deliverymen.

Based on these opt-ins, Plaintiff on the same day submitted a letter motion for leave to amend the Stipulation of Dismissal "to reflect the opt-in Plaintiffs who have consented to opt into the case." (Doc. No. 47) By Order dated May 23, 2019, the Court overruled Defendants' objections and granted Plaintiff's letter motion.

Plaintiff now seeks conditional certification of "all similarly-situated non-exempt employees employed by Defendants" based on the alleged "common policy" in violation of the FLSA and the New York Labor Law ("NYLL") (Pl. Mem.[1], at 10), including one "Head

---

[1] "Pl. Mem." refers to the Memorandum of Law in Support of Plaintiff's Motion dated January 31, 2020 (Doc. No. 72).

Chef," three "fry woks," three "Mexican TEMPURA WORKERS,"  one "Head waitress,"

and five waiters (Pl. Mem., at 11).

For the reasons stated herein, the Court is respectfully requested to deny the motion

in its entirety.

## ARGUMENT

## POINT I

### THE COURT SHOULD DENY PLAINTIFFS MOTION FOR FAILURE TO SHOW THAT THEY ARE "SIMILARLY SITUATED" TO OTHER FORMER EMPLOYEES OF THE PROPOSED COLLECTIVE CLASS.

**A.  Legal Standard**

29 U.S.C. § 216(b) provides, in pertinent part, as follows:

> An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

To facilitate the opt-in process, district courts in their discretion may order a notice

of the ongoing collective action to be sent to potential plaintiffs.  *See Myers v. Hertz Corp.*,

624 F.3d 537, 555 (2d Cir. 2010) (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165,

169 (1989)).  To decide whether to certify a collective action, courts in the Second Circuit

employ "a two-step method."  *Id.*, 624 F.3d at 555.  At the first step -- on a motion for

conditional certification -- the district court must determine whether there are any "similarly

situated" potential plaintiffs who should receive notice of the pending action and have an

opportunity to opt in.  *Id.*, 624 F.3d at 555.  At the second step of the certification process,

which occurs after the close of discovery, the court, "on a fuller record," must

determine "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.*, 624 F.3d at 555.

"The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were **victims of a common policy or plan** that violated the law.'" *Id.*, 624 F.3d at 555 (emphasis added).

"The Plaintiff bears the burden of demonstrating that he is 'similarly situated' to other members of his proposed collective action." *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812, 2015 WL 4622587, at *1 (S.D.N.Y. Aug. 3, 2015) (Sweet, J.), citing *Morales v. Plantworks, Inc.,* No. 05 Civ. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006).

"Although courts in this Circuit require only a 'modest factual showing' from plaintiffs seeking certification, **that showing 'must still be based on some substance**.'" *Reyes*, 2015 WL 4622587, at * 1 (internal citations omitted) (emphasis added).  "The Plaintiff's **bare assertion** that other employees also worked overtime without proper compensation does not clear even this low bar." *Id.* (emphasis added)  "A plaintiff must provide some **actual evidence of a factual nexus** between him and the rest of the class he seeks to represent; **conclusory allegations** will not suffice." *Id.*, 2015 WL 4622587, at * 2 (emphasis added).

"While Plaintiff's burden is low, it is not non-existent -- 'certification is not automatic.'" *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (internal citation omitted).

**B.  Plaintiff's Allegations of a Common Policy of Defendants**

The lead Plaintiff and the five opt-in plaintiffs all worked as deliverymen for Defendants.  In support of the motion, Plaintiff and four of the five opt-ins rely on their

affidavits in which they state that Defendants failed to pay them overtime compensation, failed to pay the spread of hours under the NYLL, and failed to reimburse the costs for their bikes.

With respect to the modest showing that they are "similarly situated' to other members of the proposed collective action, two delivery plaintiffs (Xing Ye, Maohui Lin) state that they knew the other delivery workers (Hongyi Lin, Old Wang, Jianjun Zhao, Liangyan Chen) were also not paid overtime or spread of hours because they knew them or "befriended" them.  However, except for Jianjun Zhao, all these potential delivery workers have already filed their Consent to Become Party Plaintiff.  And with respect to Jianjun Zhao, also a delivery worker, the only substantive basis for his being similarly situated is Xing Ye's statement that "Zhao once told me during our pay day, how less he received even though he was entitled to get paid for his overtime wages for all the hours he worked more than 10 hours a day." (Ye Aff.[2], ¶ 37)  Regarding to Finch, Plaintiff Ye states that he knew Finch was not paid minimum wage and overtime wages "because it is Defendants [*sic.*] common policy to not pay waiters more than ($25) dollars a week."  (*Id.*, ¶ 43)

The only other Plaintiff who identifies all other exempt employees -- chef, fry woks, tempura workers, waitstaff, head waitress, waitresses, and waiters  -- is Liangyan Chen, who also worked as a delivery worker for Defendants.  Chen submits information about how many hours all other employees worked, the specific tasks these other employees did, how much they were paid, and how much they worked overtime.  However, Chen's Affidavit is completely absent of any stated basis as to how came to know this "QuickBooks" information about the employment conditions of the other employees, except that he

---

[2] "Ye Aff." refers to the Affidavit of Xing Ye made the 16th day of October, 2019 (Doc. No. 71-4).

"befriended some of the employees, especially other deliverymen," that he "was respected[,]" and "was close friends to Plaintiffs HONGYI LIN and MAO HUI LIN because we worked together as deliveryman and also because I referred them to work in Vine Sushi."  (Chen Aff.[3], ¶¶ 26-30)

The affidavits of these Plaintiffs are identified and summarized in the following:

| Plaintiff | Job Position | Potential Opt-Ins | Job Position | Substantive Basis for being "Similarly Situated" |
|-----------|--------------|-------------------|--------------|--------------------------------------------------|
| Hongyi Lin | Delivery | none | | |
| Jiawang Lin | Delivery | none | | |
| Xing Ye | Delivery | Hongyi Lin[4] | Delivery | talked about (¶ 22) |
| | | Old Wang[5] | Head Delivery | not alleged (¶¶ 24-29) |
| | | Jiajun Zhao | Delivery | told by (¶ 37) |
| | | Finch[6] | Waiter | not alleged (¶¶ 38-44) |
| Maohui Lin | Delivery | Hongyi Lin[7] | Delivery | not alleged (¶¶ 29-32) |
| | | Liangyan Chen[8] | Delivery | not alleged (¶¶ 29-32) |
| Liangyan Chen | Delivery | Peng Chen | Chef | "was close with him) (¶ 38) |
| | | Wu Chen | Fry Wok | not alleged (¶¶ 61-67) |
| | | "Uncle" Ping | Fry Wok | not alleged (¶¶ 40-47) |
| | | Ah Mao | Fry Wok | not alleged (¶¶ 48-52) |
| | | Three "Amigos" | Tempura | not alleged (¶¶ 53-59) |
| | | unidentified | Waitstaff | not alleged (¶ 60) |
| | | Sally | Head Waitress | not alleged (¶¶ 61-69) |
| | | Jimmy Song | Waiter | not alleged (¶¶ 70-76) |
| | | Jason Chen | Waiter | not alleged (¶¶ 77-80) |
| | | Angel | Waitress | not alleged (¶¶ 81-84) |
| | | Angel's big sister | Waitress | not alleged (¶¶ 85-88) |
| | | Jemerica | Waitress | not alleged (¶¶ 89-92) |

---

[3] "Chen Aff." refers to the Affidavit of Liangyan Chen made the 11th day of November, 2019 (Doc. No. 71-5).

[4] Hongyi Lin filed his Consent to Become Party Plaintiff on May 21, 2019.

[5] Old Wang, presumably Yongzhong Wang, filed his Consent to Become Party on May 21, 2019.

[6] It is not known whether "Finch" is one of the other opt-in plaintiffs.

[7] See Footnote 2.

[8] Liangyan Chen filed his Consent to Become Party Plaintiff on May 21, 2019.

### C.  Plaintiff Fails to Establish A Common Policy of Defendants or A Factual Nexus Between Plaintiffs and the Putative Class Members.

Defendants respectfully submit that Plaintiffs fail to establish a common policy of Defendants or a factual nexus between Plaintiffs and the putative class members.

In *Reyes*, plaintiff filed a complaint against his employers for failure to pay overtime compensation in violation of the FLSA and the NYLL.  The Court denied plaintiff's motion for conditional certification, holding that plaintiff failed to establish a common policy of the defendants or that there existed a factual nexus between plaintiff and the potential opt-ins. The Court found that the only factual allegation concerning others is plaintiff's statement that "*I have observed that other employees who did work at Gastronomie 491 also worked more than forty (40) hours per week, and they too were not paid overtime wages at the rate of time and a half*" and that plaintiff "does not state that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities."  *Id.*, 2015 WL 4622587, at *2-3.

Citing opinions of this District Court which denied motions for conditional certification, the *Reyes* Court announced that:

> These cases show a consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a **minimum level of detail** regarding the contents of those conversations or observations.

*Id.*, at * 3 (emphasis added).

In holding that plaintiff similarly failed to establish the factual nexus between himself and the putative class action members, the Court concluded that plaintiff's responsibilities, relationship with superiors, and work expectations as **a kitchen assistant and cook** "may have been quite different from those of **waiters, dishwashers, delivery**

**workers, bartenders, busboys, or other employees** in a busy restaurant."   *Id.*, at * 3 (emphasis added).

Similarly in *Fu v. Mee May Corp.*, No. 15 Civ. 4549 (KPF), 2016 WL 1588132 (S.D.N.Y. Apr. 20, 2016), three plaintiffs, current and former delivery workers of defendant restaurant in Manhattan, moved for conditional certification of a class including "all non-exempt persons employed by Defendants … within the last three years."   Each Plaintiff's Declaration stated that he "know[s] of" approximately three other potential class members based on his "conversations with [his] coworkers" and "knowledge of their working hours and what they were paid" (*id.*, 2016 WL 1588132, at * 3) and further stated that they "are aware of the following employees who are subject to the same practices by Defendants, and may be interested in joining this suit: 'Senior' (first name unknown) Lin, 'Manyi' (first name unknown) Huang, [and] 'Senior' (first name unknown) Gao" (*id.*)  The Court denied the motion based on plaintiffs' "conversation with coworkers and knowledge of their working hours and what they were paid."

Also in *Cruz v. 70-30 Austin St. Bakery Inc.*, No. 18 Civ. 7408 (PAE)(HBP), 2019 WL 1929910 (S.D.N.Y. May 1, 2019), a former employee of defendant bakery stores, moved for conditional certification of all non-exempt employees of defendants.  Plaintiff submitted a five-page affidavit setting forth his knowledge "[b]ased on [his] observations and conversations with [his] co-workers" that he was similarly situated to all other non-exempt employees of defendant.  Plaintiff also listed the first names of then co-workers he claimed to have spoken to during his employment and further alleged that he observed some co-workers sign pieces of paper that were "similar" to the Time Records that defendants required him to sign.  The Court denied the motion, holding that the assertions made in the

affidavit failed to demonstrate "a factual nexus between named plaintiff and the potential opt-in plaintiffs." *Id.*, 2019 WL 1929910, at *5 (citations and internal quotations omitted).

Here, except for Plaintiff Chen's assertion that he "befriended employees" (Chen Aff., ¶ 26), there is no substantive basis to substantiate Plaintiffs' assertion that the other employees were subject to a common policy of Defendants or that there exists a factual nexus between these delivery plaintiffs and other employees who did not work as delivery workers. Worse than the plaintiffs in the above-cited cases where the Court has denied their motions for conditional certification, Plaintiffs in this action do not allege that they base the assertion of a common policy of Defendants on "observations of coworkers or conversations with them," let along "a minimum level of detail regarding the contents of those conversations or observations." *Reyes,* 2015 WL 4622587, at * 3.

Because Plaintiffs submit nothing but a bare assertion that they are similarly situated to the other employees of Defendants, the Court is respectfully requested to find that Plaintiffs fail to clear the modest factual showing and deny Plaintiffs' motion in its entirety.[9]

## POINT II

### THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR CATEGORICAL EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS.

In the event the Court determines that Plaintiffs satisfy their burden of showing, the Court is respectfully requested to deny their request for categorical equitable tolling of the statute of limitations for 90 days until the expiration of the Opt-In Period. (Pl. Mem., at 20)

---

[9] The Court is respectfully requested to note that Defendants have denied that they violated the FLSA or the NYLL. (Defendants' Answer, Doc. No. 9) In opposition to Plaintiff's first motion for conditional certification, Defendants submitted an affidavit of Sze dated November 7, 2018 (Doc. No. 32-1) where Sze averred that Plaintiff Ye "his total weekly time shifts never surpassed 40 hours." (Sze Aff., ¶ 6). Defendants also submitted copies of Plaintiff's weekly time and payroll record (Doc. No. 32-2) which substantially corroborates and substantiate Sze's sworn statements.

"In the Second Circuit, equitable tolling can apply only when a party has '(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2014) (Nathan, J.) (quoting *Zerilli–Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 80-81 (2d Cir.2003) (internal quotation marks omitted).

"When a movant does not provide any grounds showing equitable tolling may be appropriate, it will not be applied." *Mark*, 2014 WL 5557489, at * 2 (citations omitted).

"The most common circumstance where equitable tolling might apply to FLSA actions is where the defendant has concealed the existence of a cause of action from the plaintiffs, and even then only if the plaintiffs had no actual notice of the right to bring an action." *Id.* (citations omitted).

In *Mark*, the Court noted that the only circumstance justifying tolling advanced by Plaintiffs is the passage of time while the conditional certification motion was pending. However, the Court denied plaintiffs' request for equitable tolling from December 10, 2013 when they filed the motion for conditional certification, holing that "the time delay between the date Plaintiffs filed the motion and its resolution in this case was not 'extraordinary,' and equitable tolling is available only in extraordinary circumstances. Such tolling should not apply here." *Id.*, at * 3.

In *Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18CV12220 (PAE)(RWL), 2019 WL 4493429, at *17 (S.D.N.Y. Sept. 9, 2019), Plaintiffs argued that equitable tolling was justified because "unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise

to a need to identify and provide notice to potential class members promptly" and because "[i]t can be reasonably inferred that no employee knew about the legal standard as to his or her pay rate, or any legal rights they have as to their employment." *Id.*, at * 18.  Magistrate Judge Lehrburger recommended that the Court deny plaintiffs' request for equitable tolling of the statute of limitations because "[t]hese  reasons are not sufficiently 'rare and exceptional' to compel the Court to recommend equitable tolling" (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011).  The Court further noted that "Plaintiffs have not alleged that Defendants actively 'concealed the existence of a cause of action from the [opt-in] plaintiffs' or "offered specific details as to any individual potential opt-in plaintiff who intends to join the collective but who risks becoming time-barred or has been 'prevented in some extraordinary way from exercising his rights.'"  *Id.*, at * 18 (citations omitted).

Here, Plaintiffs argue nothing in support of the equitable tolling but exactly what the Court has rejected in *Geng* -- that "unnecessary delays are of particular concerns due to the FLSA's limitations period which continues to run until the potential class members opts, in, giving rise to a need to identify and provide notice to potential class members promptly[.]" (Pl. Mem., at 20)  Therefore, the Court is respectfully requested to deny Plaintiffs' request for equitable tolling of the statute of limitations.

## POINT III

### THE COURT SHOULD NOT APPROVE THE PROPOSED ORDER TO THE EXTENT IT IS UNFAIR.

In the event the Court determines that Plaintiffs satisfy their burden of showing, the Court is respectfully requested to disapprove the proposed Order ("Proposed Order") to the extent it is unfair to Defendants.

Paragraph 15 of the Proposed Order will require Defendants to pay the expense for Plaintiff to publish "an abbreviated version of the Notice of Pendency" upon permission of the Court in the event "Defendants fail to furnish a complete Excel list as detailed in Paragraph 3 above **OR** more than 20% of Notices be returned as undelivered with no forwarding address[.]"  The proffered rational for Defendants' obligation to pay is "for Defendants' failure to furnish accurate addresses." (emphasis original)

This is entirely unfair to Defendants.  By Paragraph 2 of the Proposed Order, Defendants will provide an affidavit "certifying that the name list is complete from employment records."  Furthermore, as the restaurant has closed since 2017, the best information Defendants will provide to Plaintiffs will be whatever they have in their old employment records.  Defendants cannot and will not guarantee that any of their former employees presently still live at the previously known addresses or use the phone numbers previously provided.

Therefore, the Court is respectfully requested to strike Paragraph 15 from the Proposed Order.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiffs' motion for conditional certification in its entirety.  Alternatively, in the event the Court determines Plaintiffs satisfy their burden of showing, the Court is respectfully requested to deny their request for equitable tolling of the statute of limitations and disapprove the Proposed Order to the extent it is unfair to Defendants.  The Court is further respectfully requested to grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
       February 21, 2020

LAW OFFICES OF BING LI, LLC
Attorneys for Defendants
*2953 Broadway Inc. and
Cho Kam Sze*

By:/s/ *Bing Li*_____
     Bing Li