UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XING YE, JIA WANG LIN, HONGYI LIN,
LIAN YAN CHEN, YONG ZHOU WANG, on
their own behalf and on behalf of
others similarly situated,

          Plaintiffs,

    -versus-

2953 BROADWAY INC. d/b/a VINE
SUSHI, and CHO KAM SZE a/k/a TOMMY
SZE,

        Defendants.

No. 18 Civ. 04941

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Plaintiffs Xing Ye, Liang Yan Chen, Maohui Lin, Hongyi Lin, and Jia Wang Lin ("Plaintiffs"), on behalf of themselves and others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA") and New York State Labor Law against Defendants 2953 Broadway Inc. d/b/a Vine Sushi and Cho Kam Sze a/k/a Tommy Sze. (See Complaint, dated June 4, 2018 ("Compl.") [dkt. no. 5].) Plaintiffs allege that Defendants violated federal and state labor laws by, among other things, failing to pay Plaintiffs legally mandated wages and overtime, provide meal breaks, and comply with recordkeeping and notice requirements.

    Plaintiffs move for conditional certification of this action as a collective action. (See Notice of Motion, dated Jan. 31, 2020 [dkt. no. 70].) Plaintiff's motion seeks an

order: (1) granting collective action status under 29 U.S.C.
§ 216(b) of the FLSA; (2) directing Defendants to produce
contact and employment information for non-managerial employees
for the period of June 2015 to the present; (3) authorizing
distribution of notice to members of the putative class so they
can opt into this action; and (4) equitably tolling the statute
of limitations for 90 days until the expiration of the opt-in
period. (Id. at 1-2.)  For the reasons set forth below,
Plaintiffs' motion is GRANTED in part and DENIED in part.

## I.   **BACKGROUND**

Plaintiff Xing Ye initiated this putative collective action
in June 2018. (See Compl.)  Xing Ye, a former deliveryman
employed at the Japanese restaurant that Defendants operated,
alleges that Defendants committed a host of violations of the
FLSA and NYLL, including by, among other things, failing to pay
their employees minimum wage, overtime, and New York's "spread
of hours" premium. (Id.)  Plaintiffs Hongyi Lin, Jia Wang Lin,
Liang Yan Chen, Maohui Lin, and Yong Zhong Wang -- who are also
former deliverymen employed by Defendants -- filed consents to
become Plaintiffs in this case. (See dkt. nos. 43-46, 47.)

In connection with their conditional certification motion,
five Plaintiffs submitted affidavits detailing their employment
conditions and compensation. (See Declaration of John Troy,

dated Jan. 31, 2020 ("Troy Decl.") [dkt. no. 71], Exs. 4-8.)

The substance of those affidavits is as follows:

- **Xing Ye** worked as a deliveryman for Defendants from September 2012 to April 2013.  (Troy Decl. Ex. 4 ¶ 3.) He worked approximately 70 hours per week, was paid a flat rate of $60 per day, and never received overtime or the "spread of hours" premium.  (Id. ¶¶ 5-12)

- **Liang Yan Chen** worked as a deliveryman periodically from March 2003 until 2017.  (Troy Decl. Ex. 5 ¶ 3.)  He worked approximately 80 hours per week, was paid a flat rate of $300 per week, and never received overtime or the "spread of hours" premium.  (Id. ¶¶ 7-21.)  As part of his employment, Chen had to purchase electric bicycles and batteries and was never reimbursed.  (Id. ¶¶ 22-25.)

- **Maohui Lin** worked as a deliveryman periodically from July 2014 until December 2015.  (Troy Aff. Ex. 6 ¶¶ 5-15.)  He worked between approximately 60 and 70 hours per week, was paid $250 if he worked 5 days per week or $300 if he worked six days, and never received overtime or the "spread of hours" premium.  (Id. ¶¶ 9-27.)  Maohui Lin was required to purchase an electric bicycle and batteries and was not reimbursed.  (Id. ¶¶ 28.)

- **Hongyi Lin** worked as a deliveryman from January 2012 to December 2014.  (Troy Aff. Ex. 7 ¶ 3.)  He worked approximately 74 hours per week, was paid a flat rate of $261 per week, and never received overtime or the "spread of hours" premium.  (Id. ¶¶ 8-19.)  Hongyi Lin was required to purchase an electric bicycle and batteries and a replacement when the bicycle was stolen and was never reimbursed.  (Id. ¶¶ 20-22.)

- **Jia Wang Lin** worked as a deliveryman from December 2015 to September 2016.  (Troy Decl. Ex. 8 ¶ 3.)  He worked approximately 70 hours per week, was paid a flat rate of $300 per week, and never received overtime or the "spread of hours" premium.  (Id. ¶¶ 5-15.)  He was required to purchase a motorcycle and fuel.  (Id. ¶ 16.)

Two of Plaintiffs' affidavits contain information regarding the hours and compensation of non-delivery workers employed as waiters or chefs.  (See Troy Decl. Exs. 4, 5.)  In short, the

3

affidavits indicate that waiters generally worked around ten
hours per day, six days per week for $300-400 per month, and
that chefs worked around twelve hours per day, six days per week
for between $1,500 and $3,000 per month.  (See Troy Decl. Ex. 4
¶¶ 38-44, Ex. 5 ¶¶ 31-90 & chart at pp. 4-5.)

## II.  LEGAL STANDARD

Section 216 of the FSLA allows employees to bring
collective action lawsuits against their employers on behalf of
themselves and "similarly situated" employees who "consent in
writing" to become party plaintiffs.  29 U.S.C. § 216(b).  When
a plaintiff seeks to bring a collective action under the FSLA
"on behalf of similarly situated employees, courts have
discretion, in appropriate cases, to implement section 216(b) by
facilitating notice to potential plaintiffs of the pendency of
the action and of their opportunity to opt-in as represented
plaintiffs."  Weng v. Kung Fu Little Steamed Buns Ramen Inc., 17
Civ. 273 (LAP), 2018 WL 1737726, at *2 (S.D.N.Y. Mar. 26, 2018)
(citation, quotation marks and alterations omitted).

The Court of Appeals has endorsed a two-step method for
determining whether a case should be certified as a collective
action under the FSLA.  See Myers v. Hertz Corp., 624 F.3d 537,
554-55 (2d Cir. 2010).  "This process entails analysis of
whether prospective plaintiffs are 'similarly situated' at two
different stages: an early 'notice stage' and again after

4

discovery is fundamentally complete." Mata v. Foodbridge LLC, No. 14 Civ. 8754, 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015) (citing McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)). At the first step, the court may conditionally certify the case as a collective action by "making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff with respect to whether a FLSA violation has occurred." Myers, 624 F.3d at 555. At the second step, following discovery, the court determines "on a fuller record . . . whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Id. If the court finds that the opt-in parties are not similarly situated, it may decertify the action. Id.

Plaintiffs' motion in this case concerns step one of the FSLA's certification procedure. "During this conditional certification stage, Plaintiffs have the burden of making a modest factual showing that they and the potential opt-in Plaintiffs 'together were victims of a common policy or plan that violated the law." Weng, 2018 WL 1737726, at *3 (citation and internal quotation marks omitted). At this point, "there is a low standard of proof because the purpose of the first stage is merely to determine whether similarly situated plaintiffs do

in fact exist." <u>Myers</u>, 624 F.3d at 555 (internal quotation marks omitted).  Nevertheless, plaintiffs may not discharge their burden by merely making "unsupported assertions."  <u>Id.</u> They must provide "actual evidence of a factual nexus" between their situation and those of the putatively "similarly situated" employees. <u>Qing Gu v. T.C. Chikurin, Inc.</u>, No. 13 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014).

When deciding a motion for conditional certification, the court does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." <u>Lynch v. United Servs. Auto, Ass'n</u>, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).  Rather, the court need only "examine[] the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." <u>McGlone</u>, 867 F. Supp. 2d at 442.  "If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members." <u>Mata</u>, 2015 WL 3457293, at *3.

**III. <u>DISCUSSION</u>**

    **a.  Conditional Certification of Collective Action**

Plaintiffs' motion seeks conditional certification of a class covering all "non-managerial employees" who worked for Defendants from June 4, 2015 to the present.  (<u>See</u> Troy Decl. ¶ 2.)  The Court concludes that Plaintiffs have made the "modest

factual showing" needed to conditionally certify a class encompassing delivery workers employed by Defendants but have not made the required showing to certify a broader class covering other categories of employees.

In support of their motion, Plaintiffs, all of whom were deliverymen, submitted affidavits regarding their work for Defendants.  (See Troy Decl. Exs. 4-8.)  These affidavits show that Plaintiffs worked similar hours -- between 65 and 80 hours per week -- and that Defendants compensated them similarly, including, among other things, by paying them between $60/day and $300/week, denying them overtime, and failing to pay New York's "spread hours" premium.  (See Troy Decl. Ex. 4 ¶¶ 5, 7, 9, 11, 12; Ex. 5 ¶¶ 7, 13; Ex. 6 ¶¶ 9-16, 21-22; Ex. 7 ¶¶ 4, 8; Ex. 8 ¶¶ 4-5, 9.)  From these affidavits, "[t]he Court can fairly infer that other deliverymen worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA and NYLL."  She Jian Guo v. Tommy's Sushi Inc., No. 14 Civ. 3964 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (granting conditional certification based on three affidavits from deliverymen stating that they worked about 70 hours/week for $250); see also, e.g., Weng, 2018 WL 1737726, at *3 (granting conditional certification based on three affidavits stating that deliverymen worked around 65 hours/week for

$1000/month).  Conditional certification of a class of delivery workers is therefore granted.

Plaintiffs have not, however, made a sufficient factual showing to certify a class including workers beyond deliverymen. The Court notes that two Plaintiffs (Ye and Chen) submitted affidavits with detailed information regarding the positions, schedules, and compensation for chefs and waiters employed by Defendants.  (See Troy Decl. Exs. 4, 5.)  But those affidavits on their own are not enough for conditional certification because they give insufficient background on how the affiants came to know the employment details of the non-delivery workers.[1] There is "a consensus in this district that where a plaintiff bases an assertion of common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations."  Reyes v. Nidaja, LLC, No. 14 Civ. 9812, 2015 WL 4622587, at *2-3 (S.D.N.Y. Aug. 3, 2015) (collecting cases); see also Sanchez v. JMP Ventures, L.L.C., 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification when affidavit was based on plaintiff's

---

[1]    Plaintiff Ye states that he knew one waiter's hours and pay because the "working schedule is very regular in the restaurant" and "it is Defendants' common policy not to pay waiters more than [$25] a week."  (Troy Decl. Ex. 4 ¶¶ 42-43.)  Plaintiff Chen, in turn, appears to base his knowledge on having "befriended" and been "close with" some employees.  (Troy Decl. Ex. 5 ¶¶ 26-67, 38.)  Neither affiant provides any further details on how they know the hours or pay for chefs or waiters.

observations and conversations with other employees but did not
"provide <u>any</u> detail as to a <u>single</u> such observation or
conversation" (emphasis in original)).  Because Plaintiffs
failed to proffer any baseline facts regarding their knowledge
of the hours and pay for non-deliverymen, they fall short of
meeting their burden for collective certification as to those
workers.  Conditional certification as to non-delivery workers
is therefore denied.

    **b.   Equitable Tolling**

Plaintiff asks the Court to toll the statute of limitations
for their FLSA claims for 90 days until the expiration of the
opt-in period.  (Plaintiff's Memorandum of Law, dated Jan. 31,
2020 [dkt. no. 72] at 20; Plaintiff's Reply Memorandum, dated
Mar. 13, 2020 [dkt. no. 74] at 6-8.)  "Unlike Rule 23 class
actions, in a FLSA collective action the limitations period
continues to run for each plaintiff until he or she files
written consent with the court to join the lawsuit."  <u>Jackson v.
Bloomberg, L.P.</u>, 298 F.R.D. 152, 170 (S.D.N.Y. 2014).  Courts
may nonetheless equitably "toll the limitations period to avoid
inequitable circumstances, giving due consideration to whether
the plaintiffs have acted with reasonable diligence in pursuing
their claims."  <u>Id.</u>  Several courts have held that "the period
of pendency of a motion for collective action certification can
serve as an extraordinary circumstance justifying application of

9

the equitable tolling doctrine." Mendoza v. Ashiya Sushi 5, Inc., No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *10 (S.D.N.Y. Sept. 16, 2013) (internal quotation marks omitted); see also, e.g., Jackson, 298 F.R.D. at 170 ("The delay required to decide a motion may warrant equitable tolling.").

Given the procedural history of this case, some equitable tolling is warranted. Plaintiff Ye filed this suit in June 2018 and moved for conditional certification the following October. (See dkt. nos. 1, 27.) Before the Court ruled on the pending certification motion, the parties advised that they had settled the case, and in April 2019, they moved for the Court to approve the settlement. (See dkt. no. 42.) Over the ensuing months, five more Plaintiffs opted into the lawsuit, and the settlement ultimately collapsed. (See, e.g., dkt. nos. 43-51, 64.) In January 2020, Plaintiffs' filed the instant, renewed motion for collective certification, and briefing closed in March 2020. (See dkt. no. 68.) Because of the detours this case has taken, over one and a half years have passed since Plaintiff Ye first moved for conditional certification, and, as a result, some class members' claims might now be time-barred. In the interest of fairness, the Court will toll the limitations period from the date Plaintiff Ye filed the initial certification motion until the date that the Court approves the form of notice to potential class members and enters an order governing the noticing

procedure.  See Cabrera v. Stephens, No. 16 Civ. 3234, 2017 WL
4326511, at *7 (E.D.N.Y. 2017) (equitably tolling the statute of
limitations along similar lines to account for delays in
deciding a conditional certification motion).

   c.  **Paragraph 15 of the Proposed Order**

   As part of their motion papers, Plaintiffs filed a proposed
order governing the dissemination of notice to potential class
members.  (Troy Decl. Ex. 3.)  Among other things, the proposed
order (1) directs Defendants to produce a Microsoft Excel
spreadsheet listing the contact information for former
employees, along with a certification that the list is complete,
and (2) authorizing Plaintiffs to send notice of the action to
the individuals identified on Defendants' list.  (Id. ¶¶ 1-13.)

   Defendants object to paragraph 15 of the proposed order,
which permits Plaintiffs to seek relief if Defendants fail to
provide a complete list or if the list does not fully facilitate
effective notice.  Specifically, paragraph 15 states:

> Should Defendants fail to furnish a complete
> Excel list . . . OR more than 20% of Notices be
> returned as undeliverable with no forwarding
> address, Plaintiff reserves the right to apply to
> the Court for permission to cause an abbreviated
> version of the [notice] to be published . . . at
> Defendants' expense for Defendants' failure
> furnish accurate addresses.

(Troy Decl. Ex. 3 ¶ 15 (emphasis added).)  Defendants argue that
this paragraph's cost-shifting clause is unfair because the
proposed order already requires Defendants to certify the

completeness of their employee contact list and because
Defendants cannot guarantee that their former employees still
live at the addresses in Defendants' records.  (Memorandum of
Law in Opposition, dated Feb. 21, 2020 [dkt. no. 73] at 11.)

Although the Court agrees that Defendants should not be
required to pay the costs of supplemental notice simply because
their former employees might have moved to new residences not
reflected in Defendants' records, the Court does not find the
substance of paragraph 15 of proposed order objectionable.  That
paragraph imposes no liabilities on Defendants; it only reserves
Plaintiffs' right to make a motion if problems arise in the
notice process.  If the conditions set forth in paragraph 15
materialize, Plaintiffs may make their motion, and the Court
will determine the appropriate relief, if any, at that point.

## IV.  **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for
conditional collective certification is <u>GRANTED</u> with respect to
a class encompassing delivery workers and <u>DENIED</u> with respect to
a broader class encompassing all non-managerial employees.  The
statute of limitations on the FLSA claims is tolled from October
26, 2018 until the future date on which the Court approves the
form of notice to potential class members and enters an order
governing the noticing procedure.  In light of the Court's
rulings above, the parties are directed to confer and submit by

12

no later than June 12, 2020 a revised proposed notice to
potential class members and an order governing noticing in
substantially the same form as those filed with Plaintiff's
motion papers.  (See Troy Decls. Exs. 2, 3.)  The Clerk of the
Court is directed to close the open motion [dkt. no. 70].

**SO ORDERED.**

Dated:  June 3, 2020
        New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.