UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XING YE et al.,<br><br>                    Plaintiffs,<br><br>         -v.-<br><br>2953 BROADWAY INC. d/b/a VINE SUSHI et al.,<br><br>                    Defendants. | 18 Civ. 04941 (JHR) (JW)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Xing Ye, Jia Wang Lin, Hongyi Lin, Liang Yan Chen, Maohui Lin, Yong Zhong Wang, Fu Long Xue, Xue Xin Zou, and Yecheng Luo[1] (collectively, "Plaintiffs") brought this action on behalf of themselves and all others similarly situated against 2953 Broadway Inc. and Edwin Qiang Xin Sze (collectively, "Defendants").[2] Plaintiffs, who are former employees of Defendants, allege that Defendants failed to pay them minimum wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law §§ 190 et seq. ("NYLL"). Plaintiffs moved for class certification with respect to their NYLL claims pursuant to Federal Rule of Civil Procedure 23. *See* ECF No. 144.

Plaintiffs' motion for class certification was referred to Magistrate Judge Jennifer Willis for a Report and Recommendation ("R&R"). *See* ECF No. 174. Judge Willis issued an R&R recommending that the Court deny the motion. *See* ECF No. 175. The R&R notified the parties that **"[f]ailure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review."** *Id.* at 21 (emphasis in original). Neither party filed objections

---

[1] Certain Plaintiffs' names are spelled differently on the docket than in the motion underlying the Report and Recommendation addressed herein. *Compare, e.g.*, Docket (identifying one of the Plaintiffs as "Hongyi Lin"), *with* ECF No. 144 at 1 (identifying the same Plaintiff as "Hong Yi Lin"). In the case of any such discrepancies, the spelling on the docket controls.

[2] This case, originally assigned to the Honorable Loretta A. Preska, was reassigned to this Court in 2023.

to the R&R.

"When no objection is posed, the Court subjects the R&R to a clear error review." *Spencer v. No Parking Today, Inc.*, No. 12 Civ. 6323 (ALC), 2013 WL 2473039, at *1 (S.D.N.Y. June 7, 2013); *Arthur v. Goord,* No. 06 Civ. 326 (DLC), 2008 WL 482866, at *3 (S.D.N.Y. Feb. 21, 2008) ("To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" (quoting *Figueroa v. Riverbay Corp.*, No. 06 Civ. 5364 (PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006))).  "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Joyner v. Uhler*, No. 20 Civ. 2874 (JPC), 2021 WL 5741386, at *1 (S.D.N.Y. Dec. 1, 2021) (quoting *Cameron v. Cunningham*, No. 13 Civ. 5872 (KPF), 2014 WL 4449794, at *2 (S.D.N.Y. Sept. 9, 2014)).

"No objections have been filed to the Report and Recommendation, and the time for any objections has passed."  *Rosas v. Just Salad 600 Third LLC*, No. 18 Civ. 7342 (JGK), 2023 WL 5390985, at *1 (S.D.N.Y. Aug. 22, 2023).  "Accordingly, the Court has reviewed the R&R under the clear error standard." *Bondi v. New Rochelle Hotel Assocs.*, No. 17 Civ. 5681 (KMK), 2019 WL 464821, at *1 (S.D.N.Y. Feb. 6, 2019).  "The Court finds no clear error in the R&R, and therefore adopts Magistrate Judge [Willis's] R&R in its entirety."  *Id.*  Plaintiffs' motion for class certification (ECF No. 144) is DENIED.

By **November 11, 2024**, the parties shall file a joint letter updating the Court on the status of this matter and proposing next steps.

SO ORDERED.

Dated: October 28, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge

2